UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:16-cr-259-T-33JSS

MICHELE ANN SCALLEY
_____/

**ORDER**

This matter comes before the Court pursuant to Michele Ann Scalley's Motion to Reduce Sentence (Doc. # 35), filed on July 17, 2017. The Government filed a response (Doc. # 37) on July 27, 2017. For the reasons that follow, the Court denies the Motion.

**Discussion**

On June 9, 2016, Scalley pled guilty to wire fraud, in violation of 18 U.S.C. § 1343. (Doc. ## 17, 23). Subsequently, on September 19, 2016, the Court sentenced Scalley to thirty-three months imprisonment, which was the low end of the guidelines, followed by three years of supervised release. (Doc. ## 32, 33). The Court ruled that Scalley's federal term of imprisonment should run concurrently with Scalley's state term of imprisonment, which was imposed for unrelated drug charges. (Doc. # 33; Doc. # 37-2 at 23).

1

Scalley now requests a reduction of her sentence to thirty-one months imprisonment. According to Scalley, she "only had 31 months remaining of her Florida Department of Corrections sentence" at the time of sentencing and she believes "[t]he goal of this [C]ourt was to have the federal and state prison sentences end at the same time." (Doc. # 35 at 1-2). Therefore, Scalley seeks a two-month reduction of her federal sentence so that her "prison terms [will] end on the same date." (Id. at 2).

Additionally, Scalley requests that her three-year term of supervised release be reduced and that two special conditions of her supervised release — that Scalley participate in a substance abuse program and a mental health treatment program — be removed. (Id. at 2-3). Scalley asserts she has already completed an intensive drug treatment program in state custody and mental health professionals determined during the prison intake process that she did not require any mental health treatment. (Id.).

The Government responds that, first, it "cannot confirm that Scalley did, in fact, have only 31 months remaining on her state sentence at the time this Court sentenced her." (Doc. # 37 at 2). Next, the Government emphasizes that the Court never ruled that the federal and state sentences should

2

end at the same time. (Id. at 3-4). Rather, the Government requested a thirty-three month term of imprisonment at the sentencing and recognized that was roughly the remaining time for Scalley's state prison term for her drug charges. (Id.; Doc. # 37-2 at 6). The Court imposed the sentence recommended by the Government and merely ruled that the state and federal sentences should run concurrently. (Doc. # 37-2 at 23).

The Government is correct that this Court did not rule the thirty-three month term of imprisonment should end on the same date as Scalley's state imprisonment term and that Scalley's serving a brief term in federal custody "will not be gratuitous." (Doc. # 37 at 4). Furthermore, the Government is correct that the Court is not authorized to reduce Scalley's sentence pursuant to 18 U.S.C. § 3582(c), which permits the Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Scalley has neither shown nor even alleged that her sentence was plainly illegal. See United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002)("The proviso [in § 3582(c)] that a court may modify a sentence when 'expressly permitted by statute' refers to situations where the defendant is incarcerated pursuant to a 'plainly illegal

sentence.'" (citation omitted)). And Scalley did not move the Court "[w]ithin 14 days after sentencing" to "correct a sentence that resulted from arithmetical, technical, or other clear error," as required by Rule 35(a) of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 35(a).

While the Court commends Scalley for her participation in a drug treatment program, the Court cannot reduce her sentence pursuant to 18 U.S.C. § 3582(c) and declines to alter the terms of her supervised release. As the Government points out, if Scalley no longer needs drug treatment and mental health services, "then United States Probation will be in a position to make any appropriate recommendation to the Court upon her release from custody." (Doc. # 37 at 4).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Michele Ann Scalley's Motion to Reduce Sentence (Doc. # 35) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of July, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE